UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES ROBERTS, JR.                                CIVIL ACTION

VERSUS                                              NO: 12-2553

DYNAMIC INDUSTRIES, INC., ET AL.                    SECTION: "A" (2)

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 91)** filed by named defendant McMoRan Exploration Co. and its affiliate McMoRan Oil and Gas, LLC (collectively "McMoRan").[1] Plaintiff Charles Roberts, Jr., intervenor SeaBright Insurance Co., and defendant Dynamic Industries, Inc. oppose the motion.[2] The motion, noticed for submission on May 6, 2015, is before the Court on the briefs without oral argument.

Plaintiff Charles Roberts, Jr. was injured on November 9, 2011, while working on a platform on the Outer Continental Shelf. Roberts was working in the course and scope of his employment as an electrician. (Rec. Doc. 1, Complaint ¶¶ VI & VII). Roberts was climbing onto scaffolding to gain access to adjacent scaffolding in order to perform work on an elevated cable

---

[1] The only McMoRan entity that Plaintiff sued was McMoRan Exploration Co. On April 13, 2015, McMoRan Exploration Co. *and McMoRan Oil and Gas, LLC* filed an answer and advised that McMoRan Oil was making a voluntary appearance because it was at all pertinent times the owner of the platform in question. (Rec. Doc. 90). The Court recalls some discussion during the April 9, 2015 status conference (Rec. Doc. 88) regarding the possibility of substituting the correct McMoRan entity in place of McMoRan Exploration and there appeared to be no opposition to doing so. Because McMoRan's Amended Answer (Rec. Doc. 90) did not effect a change in parties on the Clerk's docket report for Civil Action 12-2553, the Court suggests that McMoRan formally move to substitute the proper party defendant.

[2] Dynamic has filed an opposition to McMoRan's motion for the limited purpose of disputing McMoRan's version of the facts leading up to Plaintiff's injury. (Rec. Doc. 93). McMoRan suggests that Plaintiff was injured when he grabbed a loose piece of pipe on the scaffolding that Dynamic installed. (Rec. Doc. 91-2, McMoRan's UMF # 9).

1

tray. (*Id.* ¶ VII). Roberts alleges that he grabbed onto a piece of scaffolding pipe to gain leverage but the pipe was not properly secured and as a result he fell to the rig's deck below. (*Id.*). The platform was under construction and was not yet in production mode. The scaffolding had been erected by defendant Dynamic Industries. Roberts was employed by VersaTech Automation Services, LLC. Defendant Audubon Field Solutions, LLC f/d/b/a Petro Construction Management, LLC was overseeing the platform's construction. Defendant McMoran owned the platform. Roberts contends that McMoRan failed in its duty to properly and safely hire, instruct, supervise, and inspect the work performed by Dynamic. (Complaint ¶ IX).

McMoRan now moves for summary judgment arguing that Dynamic and the other subcontractors on the rig were independent contractors over whom McMoRan retained no operational control. Therefore, according to McMoRan, Roberts cannot prevail on his vicarious liability claims against McMoRan. McMoRan also argues that it committed no independent acts of negligence that would render it directly liable for Roberts' injuries.

A jury trial is scheduled to commence on November 9, 2015.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-

moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

  The general rule under Louisiana law is that a business owner is not liable for the negligence of an independent contractor hired by the owner to perform work. *Allstate Ins. Co. v. Veninata*, 971 So. 2d 420, 425 (La. App. 4th Cir. 2007). A principal may be liable for the offenses committed by an independent contractor while performing his contractual duties if the owner exercises control over the contractor's methods of operation or gives express or implied authorization to an unsafe practice. *Id.* (citing *Davenport v. Amax Nickel, Inc.*, 569 So. 2d 23, 28 (La. App. 4th Cir. 1990)). A business owner is also answerable for the damages caused by its own employees. La. Civ. Code art. 2320.

  At this juncture the precise cause of Roberts' fall is a disputed issue of fact. The Court therefore begins by construing the facts in Roberts' favor, as it must, and assumes that Roberts fell because of a dangerous defect in the scaffolding that Dynamic constructed at McMoRan's order.[3] Given that McMoRan owned the platform and that no evidence has been submitted to suggest that McMoRan had surrendered custody and control of the platform to any other entity, the unreasonably dangerous condition that injured Roberts was one over which

---

[3] No party has suggested that Petro Construction Management had contracted directly with McMoRan's subcontractors. McMoRan has not produced the specific contract with Dynamic that governed the construction and maintenance of the scaffolding but the Court assumes that McMoRan hired Dynamic directly. The Court makes this assumption because McMoRan relies upon the Master Services Agreement that it executed with Dynamic on September 2, 2003, in support of its contentions regarding independent contractor status. (Rec. Doc. 91-6).

McMoRan had garde or custody under Louisiana law—at least presumptively so. *See* Louisiana Civ. Code art. 2317.

Turning now to McMoran's submissions on summary judgment, the Court remains unpersuaded that McMoRan has met its initial burden on summary judgment. The Court is unmoved by anything that McMoRan's 30(b)(6) representative (Kenneth Istre) said in his deposition, at least as to the excerpts that were submitted with the memoranda. (Rec. Docs. 91-3 & 99-3). The remainder of McMoRan's evidence comprises the non-job-specific master agreements that McMoRan had in place with its contractors like Dynamic. These agreements contain language regarding independent contractor status but none of these agreements are specific to the platform where Roberts was injured, and the agreement with Dynamic is dated nearly ten years prior to Roberts' accident. But even more importantly, under Louisiana law, rote language in a contract is insufficient to insulate the principal from liability if what actually occurred on the platform was inconsistent with an independent contractor relationship. *See Allstate Ins., supra*. The Court is persuaded that the facts surrounding Roberts' accident, and concomitantly the role, if any, that each party played in contributing to the accident, are too unclear at this point to conclude that any party is entitled to judgment as a matter of law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 91)** filed by named defendant McMoRan Exploration Co. and its affiliate McMoRan Oil and Gas, LLC is **DENIED**.

May 20, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE